E-FILED
Thursday, 12 August, 2021  04:36:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RUSSELL MILLER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 19-CV-3289** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Russell Miller's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (§ 2255 Petition) (d/e 1).

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the § 2255 Petition. If it appears from the § 2255 Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the § 2255 Petition and direct the Clerk to notify Petitioner. See Rule 4 of the Rules Governing Section 2255 Proceedings. A preliminary review of Petitioner's § 2255 Petition

shows that it must be dismissed because the § 2255 Petition is untimely and because Petitioner is not entitled to relief.

## I. FACTS

In June 2017, the grand jury charged Petitioner by way of Indictment with one count of possession with the intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  See Indictment, Case No. 17-CR-30032, d/e 1.  In September 2017, the Government filed an Information Charging Prior Offenses, d/e 19, notifying Defendant that the Government intended to seek enhanced penalties under 21 U.S.C. § 851(a)(1) based on Petitioner's prior felony drug conviction for possession of 15-100 grams of methamphetamine in Adams County Court Case Number 2002-CF-187.  With the § 851 enhancement, Petitioner was subject to a mandatory minimum sentence of 20 years' imprisonment.  Id.  In October 2017, Petitioner entered a plea of guilty to the sole count of the Indictment pursuant to an open plea agreement.  Minute Entry, Oct. 20, 2017, Case No. 17-CR-30032.

The Court accepted the plea on November 7, 2017.  See Text Order, Nov. 7, 2017, Case No. 17-CR-30032.  On February 26,

2018, the Court sentenced Petitioner to 240 months' imprisonment. Minute Entry, Feb. 26, 2018, Case No. 17-CR-30032.  The Court also imposed a ten-year term of supervised release.  Id.  Petitioner did not appeal.

In December 2019, Petitioner filed the § 2255 Petition now before the Court.  On July 28, 2020, while Petitioner's § 2255 Petition remained pending, the Court granted Petitioner's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See Opinion, d/e 48, Case No. 17-CR-30032.  Petitioner's sentence of imprisonment was reduced to time served plus 72 hours.  See Amended Judgment, d/e 49, Case No. 17-CR-30032.  Petitioner began serving his ten-year term of supervised release upon his release from prison.

## II.  ANALYSIS

In his § 2255 Petition, Petitioner claims that he is entitled to relief under Section 401 of the First Step Act of 2018.  Section 401 of the First Step Act reduced the mandatory minimum penalties for certain controlled substance offenses and reduced the severity of enhanced penalties under § 851.  Petitioner does not challenge the basis of his conviction, nor does he contend that his prior controlled

substance conviction does not qualify as a serious drug felony under the changes made by the First Step Act.  Petitioner challenges only the length of his sentence.

### A. Petitioner's § 2255 Petition Is Untimely.

Initially, the Court finds that Petitioner's § 2255 Petition is untimely under 28 U.S.C. § 2255(f).  A one-year period of limitations applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the one-year period begins to run on the date the judgment becomes final.  Petitioner's conviction became

final in March of 2019, one year after the expiration of the fourteen-

day period to file a direct appeal.  See Fed. R. App. P. 4(b)(1)(A).

Petitioner did not file his § 2255 Petition until December of 2019.

Therefore, the § 2255 Petition is untimely under 28 U.S.C.

§ 2255(f)(1).

   Petitioner has not identified any impediment created by

governmental action that prevented him from filing the § 2255

Petition, a right newly recognized by the Supreme Court, or facts

that support his claim that have only recently been discovered

through the exercise of due diligence.  See 28 U.S.C. § 2255(f)(2),

(f)(3), (f)(4).  Petitioner appears to assert that the Court may

consider his late-filed Petition under § 2255(f)(4) based on a change

in the law under which Petitioner was convicted.  That is—although

he does not specifically say as much—Petitioner appears to argue

that his motion is timely because he filed it within one year of the

enactment of the First Step Act, which modified the penalty

enhancements in 28 U.S.C. § 851.  Section 2255(f)(4), however,

concerns "facts" that were previously unavailable.  The enactment

of the First Step Act of 2018 is not a "fact" within the meaning of §

2255(f)(4).

In <u>Johnson v. United States</u>, 544 U.S. 295 (2005), the Supreme Court determined that the vacatur of a defendant's prior state court conviction constituted a new "fact" for purposes of 28 U.S.C. § 2255(f)(4). <u>Id.</u> at 302. The Supreme Court reasoned that because the vacatur of the prior conviction was "subject to proof or disproof like any other factual issue," it was a "fact supporting the claim." <u>Id.</u> at 307.

However, courts have declined to expand this ruling to encompass every substantive change in the law. <u>See</u> <u>Lo v. Endicott</u>, 506 F.3d 572, 575 (7th Cir. 2007) (finding that under § 2244(d)(1)(c), a parallel limitations provision to § 2255(f)(4), state court rulings that modify the substantive law do not constitute a "factual predicate"). Likewise, an extension of <u>Johnson</u> is not warranted here because the enactment of the First Step Act is not a "fact" pertaining to Petitioner's prior drug offense. The First Step Act is not "subject to proof or disproof," but is rather a substantive legal change.

Construing every substantive change in the law as a new "fact" for the purposes of § 2255(f)(4) would render meaningless the limitations provision under § 2255(f)(3), which provides that § 2255

petitions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court.  Accordingly, because the enactment of the First Step Act is not a "fact" within the meaning of § 2255(f)(4), Petitioner's § 2255 Petition cannot be deemed timely under that provision.

The Court notes that the one-year limitation period may be equitably tolled and may be disregarded when the petitioner is actually innocent.  See Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (holding that the limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 is subject to equitable tolling); McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that a court may disregard the one-year limitation period where the petitioner is actually innocent).  However, Petitioner has not made either claim.  Therefore, the § 2255 Petition is untimely.  In addition, while the Court finds that the § 2255 Petition is not moot despite Petitioner's release from imprisonment, the Court also finds that summary dismissal is warranted on the merits.

**B. Petitioner's § 2255 Petition Is Not Moot Despite His Release.**

Petitioner has been released early from prison after the Court granted his compassionate release motion.  Nonetheless, Petitioner's release from prison does not remove jurisdiction over his § 2255 Petition or render the Petition moot.  Pursuant to 28 U.S.C. § 2255(a), a movant must be "in custody" to file a § 2255 Petition.  However, Petitioner was "in custody" when he filed his § 2255 Petition, "and that is all that is required."  Conley v. United States, No. 20-2439, 2021 WL 3076861, at *2 (7th Cir. July 21, 2021) (citing Torzala v. United States, 545 F.3d 517, 521 (7th Cir. 2008), Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

As for mootness, when a petitioner challenges his underlying conviction, the Supreme Court has "long presumed the existence of collateral consequences" sufficient to satisfy Article III and not render a challenge moot.  United States v. Juv. Male, 564 U.S. 932, 936, 131 S. Ct. 2860, 2864 (2011) (citations omitted); Conley, 2021 WL 3076861 at *2.  However, "when a defendant challenges only an expired sentence, no such presumption applies, and the defendant must bear the burden of identifying some ongoing 'collateral

consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" <u>Juv. Male</u>, 564 U.S. at 936 (citing <u>Spencer</u>, 523 U.S. at 7).

Here, Petitioner does not challenge his conviction, but only the length of his sentence.  Petitioner is, however, still serving his ten-year term of supervised release.  "When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." <u>Pope v. Perdue</u>, 889 F.3d 410, 414 (7th Cir. 2018) (quoting <u>United States v. Trotter</u>, 270 F.3d 1150, 1152 (7th Cir. 2001)).  In <u>Pope</u>, the petitioner was challenging the Bureau of Prison's calculation of his sentence.  The Seventh Circuit held that while a "finding that Pope spent too much time in prison would not automatically entitle him to less supervised release," it "would carry 'great weight' in a § 3583(e) motion to reduce Pope's term.'" <u>Id.</u> at 414 (quoting United States v. Johnson, 529 U.S. 53, 60 (2000)).  That potential was sufficient to keep the challenge from being moot.  <u>Id.</u>  <u>But see</u>, <u>Rhodes v. Judiscak</u>, 676 F.3d 931, 934 (10th Cir. 2012) (collecting cases and

noting a circuit split on whether possibility of bolstering a potential § 3583(e) motion is sufficient to avoid mootness).

The fact that the statutory penalties for Petitioner's offense have been modified and that he would no longer be subject to a 20-year mandatory minimum sentence were he to be sentenced today creates the possibility that resolving this case in Petitioner's favor could carry "great weight" in any § 3583(e) motion Petitioner may file in the future.  Accordingly, under Seventh Circuit case law, the Court finds that this case is not moot.

**C.  Petitioner's Claim Fails on the Merits.**

Signed into law on December 21, 2018, the First Step Act, in § 404, made retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. Section 404 of the First Step Act made certain provisions of the Fair Sentencing Act of 2010 retroactive to defendants, and the Act allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed.  See First Step Act, § 404.  Petitioner, however, was not convicted of an

offense involving crack cocaine, so he is plainly ineligible for relief under § 404 of the First Step Act.

Petitioner seeks relief under § 401 of the First Step Act, but his claim is without merit because § 401, unlike § 404, does not apply retroactively.  Section 401(a)(2)(A)(i) of the First Step Act changed the definition of a predicate conviction for an enhanced sentence under 21 U.S.C. § 851 from a "prior conviction for a felony drug offense" to a "prior conviction for a serious drug felony." United States v. Mainor, No. 06-140-1, 2019 WL 3425063, at *3 (S.D. Ill. Dec. 4, 2019); see also 132 Stat. at 5220 (First Step Act, § 401(a)(2)(A)(i)).  The First Step Act states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  132 Stat. at 5221 (First Step Act, § 401(c)).  In other words, Section 401 does not apply retroactively.  See, e.g., United States v. Jackson, 940 F.3d 347, 353–54 (7th Cir. 2019); United States v. Pierson, 925 F.3d 913, 927–28 (7th Cir. 2019).

Because Petitioner was sentenced in February 2018, before the enactment of the First Step Act on December 21, 2018, Section

401 does not provide him with any relief.  Petitioner's claim must be
denied.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain
a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that
an appeal may not be taken to the court of appeals from the final
order in a § 2255 proceeding unless a circuit justice or judge issues
a certificate of appealability).  A certificate of appealability may
issue only if Petitioner has made a "substantial showing of the
denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a
showing is made if "reasonable jurists could debate whether (or, for
that matter, agree that) the petition should have been resolved in a
different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120
S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on
procedural grounds without reaching the underlying constitutional
claim, the movant must show "that jurists of reason would find it
debatable whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it
debatable whether the district court was correct in its procedural
ruling."  Id.  The Court does not find that reasonable jurists could

disagree with the Court's findings that Petitioner's claims must be denied.  While the Court does find that reasonable jurists may find this case is moot due to Petitioner's early release from prison and lack of attack on Petitioner's conviction itself, an appeal on this ground would not benefit Petitioner.  Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner Russell Miller's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) is DENIED.  The Court DECLINES to issue a Certificate of Appealability.  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment.

ENTER:  August 9, 2021

FOR THE COURT:              /s/Sue E. Myerscough
                           SUE E. MYERSCOUGH
                           UNITED STATES DISTRICT JUDGE